KEKER, VAN NEST & PETERS LLP
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
KELLY S. KAUFMAN - # 328827
kkaufman@keker.com
PAUL H. VON AUTENRIED - # 335917
pvonautenried@keker.com
CHARLOTTE KAMAI - # 344786
ckamai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Plaintiff THE PAC-12 CONFERENCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PAC-12 CONFERENCE,<br><br>Plaintiff,<br><br>v.<br><br>THE MOUNTAIN WEST CONFERENCE,<br><br>Defendant. | Case No. 5:24-cv-6685-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       November 18, 2025<br>Time:      9:30 a.m.<br>Dept.:     Courtroom 6 – 4th Floor<br>Judge:    Hon. Susan van Keulen<br><br>Date Filed: September 24, 2024<br><br>Trial Date: Not yet set. |

Pursuant to Fed. R. Civ. P. 26(a)(1), the Standing Order for All Judges of The Northern District of California, and Civil L.R. 16-9, Plaintiff The Pac-12 Conference ("Pac-12") and Defendant The Mountain West Conference ("MWC") hereby submit this Joint Case Management Statement in advance of the Case Management Conference on November 18, 2025.

I.     **JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 4 because the Pac-12 brings a claim for violation of the Sherman Act, 15 U.S.C. § 1, a federal statute. The Court has supplemental jurisdiction over the state law claims, which arise from the same case or controversy, under 28 U.S.C. § 1337. All parties have been served.

II.    **FACTS**

Because the Court is already familiar with the facts of this case from the parties' briefing and argument on the MWC's Motion to Dismiss, *see* Dkts. 25, 29, 30, 48 (order), the parties summarize the dispute only briefly here. In December 2023, the Pac-12 and the MWC entered into a Scheduling Agreement under which Pac-12 member schools would compete in football games against MWC's member schools during the 2024-2025 season. Certain provisions of the Scheduling Agreement (the "Termination Fees") require the Pac-12 to pay fees to the MWC if some but not all MWC member schools receive and accept offers to join the Pac-12 prior to two years after the Scheduling Agreement expires. In September 2024, five MWC member schools agreed to join the Pac-12 beginning in the 2026-2027 season, and the MWC demanded that the Pac-12 pay fees due under the Termination Fees.

The Pac-12 filed its Complaint on September 24, 2024, seeking a declaration that the Termination Fees are illegal and unenforceable because they violate federal and state antitrust law and because they are unlawful penalties under contract law. *See* Dkt. 1. After the Court denied the MWC's motion to dismiss, the MWC filed its Answer, Defenses, and Counterclaims, seeking to enforce the Termination Fees as well as other relief based on claims of promissory fraud, tortious interference, and unjust enrichment, in connection with negotiation and execution of the Scheduling Agreement. *See* Dkt. 50.

III. **LEGAL ISSUES**

*Pac-12's Statement*:

The Pac-12 provides the following list of principal legal issues raised by its claims, noting that this list is preliminary and subject to revision:

- Whether the Poaching Penalty violates Section 1 of the Sherman Act, the Cartwright Act, and/or the Unfair Competition Law, on grounds that it is (a) a naked horizontal restraint of trade and thus *per se* illegal and/or (b) in the alternative, an unreasonable restraint of trade under the rule of reason;
- Whether the Poaching Penalty, whether or not in violation of the antitrust laws, violates the Unfair Competition Law because it is an unfair business practice;
- Whether the Poaching Penalty is an unenforceable penalty because it provides liquidated damages that were unreasonable at the time the Scheduling Agreement was signed; and

The Pac-12 reserves the right to raise additional issues that become relevant later in the case.

*MWC's Statement*:

The MWC provides the following list of principal legal issues raised by its claims, noting that this list is preliminary and subject to revision:

- Whether the Termination Fees are lawful and enforceable, and do not violate Section 1 of the Sherman Act, the Cartwright Act, and/or the Unfair Competition Law.
- Whether the Pac-12 breached the Scheduling Agreement by failing to pay the $55 million in Termination Fees after five MWC members accepted Pac-12 membership;
- Whether the Pac-12 made contractual representations about paying the Termination Fees without an intent to perform, thereby inducing MWC to enter the agreement; and
- Whether, if the Termination Fees are invalid or unenforceable, the Pac-12 unjustly retained benefits from the Scheduling Agreement and related access to MWC members—warranting restitution or disgorgement of those benefits.

The MWC reserves the right to raise additional issues that become relevant later in the case.

IV. **MOTIONS**

There are no motions pending at this time.  Per the parties' stipulation, *see* Dkt. 53, the

Pac-12 will respond to the MWC's countercomplaint, *see* Dkt. 50, by December 5, 2025.

## V. AMENDMENT OF PLEADINGS

The parties do not currently anticipate amending their pleadings.

## VI. EVIDENCE PRESERVATION

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information (ESI Guidelines).  The parties met and conferred on October 28, 2025, regarding preservation of evidence relevant to the issues in the case, are aware of their obligations, and have taken reasonable steps to preserve potentially relevant evidence.

## VII. DISCLOSURES

The parties will serve Initial Disclosures under Fed. R. Civ. P. 26(a) on November 12, 2025.

## VIII. DISCOVERY

### A. Scope and Completion of Discovery

The parties agree that discovery is governed by the Federal Rules of Civil Procedure, the Civil Local Rules, and the Court's Standing Order.  The parties met and conferred regarding the case schedule, which includes deadlines for completion of discovery, *see infra* Section XV.

### B. Additional Discovery Issues

**Discovery Limitations:**  The parties agree the presumptive discovery limits set forth in the Federal Rules of Civil Procedure are adequate at this time.  The parties will continue to meet and confer on this topic should the circumstances of the case change.

**Production of Electronically Stored Information:**  The parties have reviewed the ESI Guidelines.  The parties are meeting and conferring regarding an ESI Protocol, which they will submit to the Court for approval.

**Protective Order and Privilege:**  The parties are meeting and conferring regarding a Stipulated Protective Order consistent with the Northern District of California's Model Protective Order for Standard Litigation, which they will submit to the Court for approval.  The Stipulated Protective Order will address privilege issues, including procedures for the inadvertent production of privileged materials.

**Electronic Service:** The parties agree that electronic service will count as hand delivery for purposes of all deadlines.

## IX. CLASS ACTION

This case is not a putative class action.

## X. RELATED CASES

The parties are unaware of related cases pending in this District. In Colorado state court, Colorado State University, Boise State University, and Utah State University, each of whom accepted offers to join the Pac-12 beginning in the 2026-2027 season, sued the MWC in December 2024 seeking to declare invalid certain MWC bylaw provisions that require the plaintiffs to pay "exit fees", the withholding of distributions, and a series of actions that the plaintiff universities contend violated the MWC's bylaws and Colorado law. *See Board of Governors of the Colorado State University System, et al. v. The Mountain West Conference et al.*, Case No. 2024CV33874 (Colo. Dist. Ct., Denver County). Defendants in that matter filed a motion to dismiss seeking dismissal of the case with prejudice, which is currently pending.

## XI. RELIEF

*Pac-12's Statement*: The Pac-12 seeks a declaratory judgment stating that the Termination Fees (denoted "Poaching Penalty" in the Complaint) is an unlawful and unenforceable agreement in restraint of trade in violation of Section 1 of the Sherman Act and the Cartwright Act; the Poaching Penalty is an unfair and unlawful business practice in violation of the Unfair Competition Law; (c) the Poaching Penalty's "termination fees" are an unenforceable penalty; and (d) because the Poaching Penalty is illegal, it is null and void, and the MWC is barred from enforcing it.

*MWC's Statement*: MWC seeks a declaratory judgment upholding the Scheduling Agreement's Termination Fees, compensatory damages, including $55 million for nonpayment plus attorneys' fees and pre- and post-judgment interest, damages on its promissory fraud and tortious interference claims, and, in the alternative, equitable restitution/disgorgement for unjust enrichment, together with any other relief the Court deems appropriate.

## XII. SETTLEMENT AND ADR

The Pac-12 filed its ADR Certification on October 28, 2025 (Dkt. 51). The MWC filed its ADR Certification on October 29, 2025 (Dkt. 52). The parties previously participated in mediation on May 19, 2025, and were unable to resolve the case. The parties agree that engaging in a further ADR process would be premature at this time.

## XIII. OTHER REFERENCES

The parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XIV. NARROWING OF ISSUES

No issues have been narrowed by agreement or motion to date.

## XV. SCHEDULING

The parties met and conferred regarding the case schedule and were able to resolve some but not all disputes. The parties' competing proposals are below.

|  | **Pac-12's Proposal** | **MWC's Proposal** |
|---|---|---|
| Deadline for parties to serve Initial Disclosures | November 12, 2025 ||
| Initial Case Management Conference | November 18, 2025 ||
| Deadline for Pac-12 to respond to MWC counterclaims | December 5, 2025 ||
| Deadline for Parties to file stipulated (1) ESI Protocol and (2) Protective Order | December 9, 2025 ||
| Deadline for MWC to file opposition to any Pac-12 motion to dismiss, if necessary | January 16, 2026 ||
| Deadline for Pac-12 to file reply in support of any motion to dismiss, if necessary | January 30, 2026 ||
| Deadline for parties to serve Rule 30(b)(6) | February 26, 2026 | No deadline necessary |

|  | **Pac-12's Proposal** | **MWC's Proposal** |
|---|---|---|
| notices |  |  |
| Substantial Completion of Document Discovery | April 30, 2026 | No deadline necessary |
| Deadline for parties to serve privilege logs for any documents withheld on the basis of any privilege to date | June 4, 2026 | No deadline necessary |
| Close of Fact Discovery | July 2, 2026 | February 18, 2027 |
| Deadline for parties to file amended pleadings | July 16, 2026 | The good cause standard applies, thus no deadline necessary |
| Deadline for parties to serve Opening Expert Reports | July 30, 2026 | March 25, 2027 |
| Deadline for parties to serve Rebuttal Expert Reports | August 31, 2026 | April 29, 2027 |
| Close of Expert Discovery | October 1, 2026 | June 3, 2027 |
| Deadline for parties to file Motions for Summary Judgment (MSJs) / *Daubert* motions | November 2, 2026 | July 9, 2027 |
| Deadline for parties to file oppositions to MSJs / *Daubert* motions | December 1, 2026 | August 9, 2027 |
| Deadline for parties to file replies in support of MSJs / *Daubert* motions | December 21, 2026 | September 10, 2027 |
| Hearing on MSJs | January 19, 2027 | October 12, 2027, or at the Court's convenience |
| Deadline for parties to file Motions in Limine | March 8, 2027 | No deadline necessary |
| Deadline for parties to file oppositions to Motions in Limine | March 26, 2027 | No deadline necessary |
| Final Pretrial Conference | April 13, 2027 | December 2027, or at the Court's convenience |

|  | Pac-12's Proposal | MWC's Proposal |
|---|---|---|
| Trial | May 10, 2027 | February 2028, or later at the Court's convenience |

## XVI. TRIAL

The parties have reviewed the Expedited Trial Procedure of General Order 64 and agree that it is not appropriate here.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Pac-12 filed a Certificate of Interested Entities or Persons on September 25, 2024 (Dkt. 10).  The MWC filed a Certificate of Interested Entities or Persons on October 17, 2024 (Dkt. 20).

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

The parties are not aware of other matters that may facilitate resolution of the case.

| | | |
|---|---|---|
| Dated: November 10, 2025 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Eric H. MacMichael |
| | | ERIC H. MACMICHAEL |
| | | Attorneys for Plaintiff THE PAC-12 CONFERENCE |
| Dated: November 10, 2025 | | WILLKIE FARR & GALLAGHER LLP |
| | By: | /s/ Krista Schwartz |
| | | KRISTA SCHWARTZ |
| | | Attorneys for Defendant THE MOUNTAIN WEST CONFERENCE |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

/s/ Eric H. MacMichael
Eric H. MacMichael