KEKER, VAN NEST & PETERS LLP
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
PAUL H. VON AUTENRIED - # 335917
pvonautenried@keker.com
CHARLOTTE KAMAI - # 344786
ckamai@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

WILLKIE FARR & GALLAGHER LLP
Krista S. Schwartz (Bar No. 303604)
kschwartz@willkie.com
Alexander L. Cheney (Bar No. 302157)
acheney@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:   (415) 858-7400

Wesley Powell (Bar No. 230430)
wpowell@willkie.com
787 Seventh Avenue
New York, NY 10019
Telephone:   (212) 728-8000

Matt D. Basil (*Pro Hac Vice*)
mbasil@willkie.com
300 N. LaSalle Street
Chicago, IL 60654
Telephone:   (312) 728-9000

Attorneys for Plaintiff THE PAC-12
CONFERENCE

Attorneys for Defendant THE MOUNTAIN
WEST CONFERENCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PAC-12 CONFERENCE,<br><br>Plaintiff,<br><br>v.<br><br>THE MOUNTAIN WEST CONFERENCE,<br><br>Defendant. | Case No. 5:24-cv-6685-SVK<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**<br><br>Judge:  Hon. Susan van Keulen<br><br>Date Filed:  September 24, 2024<br><br>Trial Date:  July 6, 2027 |

**1.** **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.** **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.** **PRESERVATION**

The parties agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a)    The parties will exchange a list of the types of ESI they believe should be preserved;

    b)    The parties will exchange a list of potential custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary and have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

    c)    The parties will discuss and agree upon which data sources are not reasonably accessible because of undue burden or cost pursuant to FRCP 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: [e.g., backup media of [named] system, systems no longer in use that cannot be accessed];

**4.** **SEARCH**

The parties agree that in responding to an initial FRCP 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.  To the extent that the

1

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

parties agree to use search terms to isolate potentially relevant materials, they agree to the processes and reporting articulated in Appendix A.

**5.    PROCESSING STANDARDS AND PRODUCTION FORMATS**

ESI shall be processed as articulated in Appendix B, produced with the formatting required in Appendix C with the metadata fields articulated in Appendix D.

**6.    DOCUMENTS PROTECTED FROM DISCOVERY**

a)    The production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

c)    A producing Party may assert privilege or protection over produced documents at any time by notifying the receiving Party in writing of the assertion of privilege or protection. After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. Upon request, a Party shall certify that the specified information has been destroyed, and that neither the Party nor its employees or agents retain any copies of the specified information.

e)    The parties have agreed to log fully withheld privileged documents in accordance with the requirements articulated in **Appendix E** and to treat partially withheld privileged documents (e.g.  Redacted) in accordance with the requirements

2

3898240

articulated in **Appendix F**.

7.      **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  December 9, 2025

/s/ Eric H. MacMichael
KEKER, VAN NEST & PETERS
ERIC H. MACMICHAEL
NICHOLAS S. GOLDBERG
ANJALI SRINIVASAN
PAUL H. VON AUTENRIED
CHARLOTTE KAMAI

Attorneys for Plaintiff THE PAC-12 CONFERENCE

Dated:  December 9, 2025

/s/ Matt D. Basil
WILLKIE FARR & GALLAGHER LLP
KRISTA SCHWARTZ
ALEXANDER L. CHENEY
WESLEY R. POWELL
MATT D. BASIL

Attorneys for Defendant THE MOUNTAIN WEST CONFERENCE

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing of this document.

Dated:  December 9, 2025                                      /s/ Eric H. MacMichael

**IT IS ORDERED** that the forgoing Stipulation is approved.

Dated:
_____
UNITED STATES JUDGE SUSAN VAN KEULEN

3

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

## **APPENDIX A: SEARCHING AND REPORTING**

To the extent that the Parties agree to use search terms to locate potentially relevant custodial or other potentially relevant ESI, the following process and standards shall be followed:

1. Focused terms, rather than over-broad terms, shall be employed. Product and company names, unless combined with narrowing search criteria that significantly reduces the risk of reviewing large volumes of unrelated materials, shall not be allowed absent the consent of the Producing Party.

2. The Producing Party will disclose the search terms they intend to use to the Requesting Party, and a Requesting Party may request additional terms to be tested and/or used.

3. The Producing Party will produce iterative search term hit reports. Such reports shall include the number of documents with hits for each term, the number of documents with hits plus family for each term, the number of unique documents with hits for each term, the total number of documents hitting on one or more search terms across the full array of search terms, and the full review population across all terms, including family members to documents with search term hits. "Unique documents with hits for each term" means the number of documents that hit on that search term and no other search term.

4. The Parties shall meet and confer on any modifications to the proposed terms needed to improve their efficacy in locating discoverable information and in excluding information that is not discoverable under FRCP 26(b), including modifying terms where the burden or expense of the proposed terms outweighs the likely benefit. In the event the Parties cannot reach agreement regarding specific search terms, each Party agrees to proceed with any agreed-upon search terms, and the requesting Party expressly reserves its right to seek the Court's assistance in resolving the matter.

5. Nothing in this order or any other document relating to discovery in this matter shall be construed or interpreted as precluding a producing party from performing a responsiveness review to determine if documents captured by search terms are in fact responsive to the requesting party's request.

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR
STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

# APPENDIX B: PROCESSING STANDARDS

1.    **CULLING/FILTERING.**  Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonably hash identification process.  Hash values that may be filtered out during this process are located in the National Software Reference Library ("NRSL") NIST hash set list.

2.    **DEDUPLICATION.**  Each producing party shall de-duplicate ESI on a global level (across all custodians) prior to production.  The basis for such de-duplication shall be the MD5 or SHA1 Hash values.  The parties shall take both the Email BCC field and attachments into account when generating either the MD5 or SHA1 hash values for email. Where any such Documents have attachments, hash values must be identical for the Document-plus-attachment ("family deduplication"). Loose electronic Documents shall not be compared to email attachments for deduplication. Hard Copy Documents shall not be eliminated as duplicates of ESI. No Party shall identify and/or eliminate electronic duplicates by manual review or any method other than by use of the technical comparison using MD5 or SHA-1 hash values as provided above. The custodians of deduplicated copies of documents should be included in the database load file the CUSTODIANS ALL field.

3.    **STRUCTURED DATA.**  The parties shall meet and confer with respect to structured data sources that contain relevant information to determine what information the reports should contain. To the extent a response to a discovery request requires the production of ESI contained in a database that cannot reasonably be produced in either Excel or .CSV format, the Parties shall meet and confer regarding the format of the production (e.g., commercial database, or some other agreed-upon format) prior to producing such information. The Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. If the structured data exists in a proprietary database format, and an exportable electronic file cannot be created in a reasonably usable format, the Parties will meet and confer regarding utilizing the proprietary software to generate the production in an alternative format or other options

5

4. **MESSAGING & CHATS.** Messaging and/or Chats from programs like Slack and Teams shall be produced in day long (1 24-hour period) and include any attachments sent across in that responsive, not privileged day long period. Relativity Short Message Format ("RSMF") Metadata fields as outlined in Exhibit A shall be produced, along with Extracted Text.

5. **HYPERLINKED DOCUMENTS.** Document(s) that are hyperlinked inside a responsive document (including hyperlinks inside emails) are not attachments and do not need to be produced in the first instance. The receiving party may submit a list of hyperlinks to the producing party if it would like the producing party to review those documents for possible production. The producing party will engage in reasonable efforts to locate the hyperlinked documents. The number of hyperlinks a requesting party may identify to a producing party shall not exceed 250 over course of the matter.

6. **Compressed Files Types.** Compressed or container file types (e.g., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted. The compressed files themselves need not be produced.

7. **Embedded Objects.** Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files will be marked with a "YES" in the "Is Embedded" metadata field as provided in Exhibit A. Logos and similar graphic elements need not be extracted as separate documents as long as they are clearly imaged and displayed in the parent document.

8. **Appearance and Content.** Except for Documents containing redactions, no Document may be intentionally manipulated to change how the source Document would have appeared if printed out to a printer attached to a computer viewing the file, without prior agreement of the Requesting Party.

9. **Color.** On a case-by-case basis, the Parties will accommodate reasonable requests made in good faith for the production of specific color images originally produced in greyscale TIFF format to the extent available and where reasonably necessary to decipher the complete meaning, context, or content of the Documents.

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

## APPENDIX C: PRODUCTION FORMATTING SPECIFICATIONS

1.      **IMAGE FORMAT.**  ESI and scanned hard copy documents shall be produced as single-page, black-and-white Group IV TIFFs, created with a resolution of at least 300 dots per inch (dpi).  Color documents shall be produced in .JPG format with a resolution of at least 300 dpi in lieu of TIFF images.  Each TIFF or JPG image shall be branded with sequential production numbers and any appropriate confidentiality designations.  Each TIFF or JPG image filename shall correspond to its Bates number.  TIFF or JPG files shall show all text and images that would be visible to a user.

2.      **DATABASE LOAD FILES/CROSS-REFERENCE FILES**.  Productions shall be provided with (a) a delimited data file (.dat) using Relativity default delimiters, and (b) an Opticon (Relativity Image) image load file (.opt) that can be loaded into Relativity.  The Opticon file should provide the beginning and ending Bates numbers and page count of each document.  Each TIFF or JPG in a production must be referenced in the corresponding image load file.  In addition to the metadata fields identified for production in Appendix C below, each .dat file shall include links to multi-page (document level) text files ("Text Path").

3.      **EXTRACTED/OCR TEXT FILES.**  The multi-page text files described above shall include text extracted from all ESI with extractable text.  For electronic files without extractable text (e.g., scanned paper documents, PDF files without text, etc.) or documents produced with redactions, the producing party shall use optical character recognition software (OCR) to generate text for the document.  OCR-generated text shall be provided for all documents without extractable text unless the document consists of handwritten notes or images or otherwise not easily convertible into a searchable format.  The filename for the multi-page text file shall correspond to the beginning Bates number of the document.

4.      **NATIVE FILES.**  Any file produced in native format should be produced with a link in the NativeLink field, along with extracted full text and applicable metadata fields set forth in Appendix C.  Any file produced in native format should be named to match the beginning Bates number of their corresponding entries in the database load files.  Additionally, except where noted below, every file produced natively should be accompanied by a Bates-stamped and

7

3898240

confidentiality-stamped TIFF placeholder indicating the document was provided in native format. Only the files discussed below may be produced in native format unless both parties agree otherwise in writing.

a) **SPREADSHEETS.**  Except for the placeholder referenced above,  redacted spreadsheets shall be produced in native format with native redactions.

b) **PRESENTATION FILES.**  PowerPoint and similar presentation files should be produced in both native and image formats.  The images should include off-slide content such as Speaker's Notes.

c) **VIDEO AND AUDIO FILES.**

d) **REQUEST(S) FOR ADDITIONAL NATIVE FILES.**  A party with good cause may request that other specified files or file types be produced in native format, other than those specifically set forth above.  Any dispute regarding the production of documents in native format shall be resolved by the assigned Judge.

5.    **EXCEPTIONS.**  Processing exceptions (i.e., files that cannot be processed by standard ESI processing tools) shall be produced as placeholder images—native versions of exceptions need not be produced.

6.    **FORMAT & FOLDER STRUCTURE.**  Production deliverables should be in encrypted form (e.g.  TrueCrypt, password-protected Zip, or RAR files).  Productions should be made via FTP or secure server wherever practicable; larger productions may be made on hard media (e.g., hard drives).  Each production shall be provided in the following folder structure:

a)    Top-level folder: This folder will indicate the production volume;

b)    Sub-folders:

1)    IMAGES:  This folder will contain multiple sub-folders with ONLY TIFF (or .jpg) files in them.  No other type of file should reside in the "IMAGES" folder.  Sub-folders shall not contain more than 1000 images per folder.

2)    TEXT:  This folder will contain the full text files in UNICODE, UTF8 or

3898240

ANSI format in a separate folder labeled TEXT.  Sub-folders shall not contain more than 1000 text files per folder.

3)    DATA:  This folder will contain load files compatible with Relativity or above and Opticon.

4)    NATIVES:  This folder will contain native files that the parties agree to produce during the course of this litigation.  Sub-folders shall not contain more than 1000 native files per folder.

7.    **UNITIZING OF HARD COPY DOCUMENTS.**  In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized).  The parties will use reasonable efforts to unitize documents correctly to avoid producing large numbers of documents in single "clumps" and single documents shall not be split into multiple records.

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR
STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

# APPENDIX D: METADATA

The parties are not obligated to populate manually any metadata field listed below that is not extracted automatically during processing, except that the following fields must be populated for all produced documents: (a) BEGBATES, (b) ENDBATES, (c) CUSTODIANS ALL, and (d) CONFIDENTIALITY.

| Field Name | Field Description | Populated For | Sample Values |
|---|---|---|---|
| BegBates | Production number of the first page of the document | All | Prefix-00000001 or Prefix_00000001_0001 |
| EndBates | Production number of the last page of the document | All | Prefix-00000002 or Prefix_00000001_0002 |
| BegAttach | Production number of the first page of the first document of the document family | All | Prefix-00000001 or Prefix_00000001_0001 |
| EndAttach | Production number of the last page of the last document of the document family | All | Prefix-00000004 or Prefix_00000004_0003 |
| Page Count | Number of pages in document as produced in imaged format | All | 1 |
| Document Type | Whether a document is an email message, an email attachment, a scanned paper document, or a loose electronic file | All | Email, Attachment, Edoc |
| Parent Attachment | Whether a document is parent-level or is attached to a parent-level document | All | P or A |
| Custodians All | All of the agreed-upon custodians of a document from which the document originated, separated by semicolons. | All where custodial information is available | Last name, First name OR Firstname Lastname |
| From | The name and e-mail address of the sender of the e-mail | E-mails | Firstname.Lastname@domain.com |
| To | All recipients that were included on the "To" line of the e-mail | E-mails | Firstname.Lastname@domain.com |
| CC | All recipients that were | E-mails | Firstname.Lastname@ |

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR
STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

| Field Name | Field Description | Populated For | Sample Values |
|---|---|---|---|
| | included on the "CC" line of the e-mail | | domain.com |
| BCC | All recipients that were included on the "BCC" line of the e-mail | E-mails | Firstname.Lastname@ domain.com |
| Subject | E-mail subject line | E-mails | |
| Email Conversation Index | E-mail conversation identifier | E-mails | |
| Date Time Sent | Date and time an e-mail was sent | E-mails | mm/dd/yyyy hh:mm:ss |
| Date Time Received | Date and time an e-mail was received | E-mails | mm/dd/yyyy hh:mm:ss |
| Time Zone | If not included in the above, the time zone to which the e-mails were standardized during conversion | E-mails | |
| Hash | The MD5 hash or SHA1value of the document | All | |
| File Name | The file name of the document | E-attachments; Electronic Documents | |
| Source File Path | The path(s) from the location(s) in which the document was stored in the ordinary course of business. | E-mails, E-attachments and electronic documents | \Desktop\ … |
| File Extension | The file extension of a document | All | XLSX, MSG |
| File Type | Type of electronic file | All | Microsoft Word Document, QuickTime Movie, Outlook Email Message, etc. |
| File Size | Size of file | All | 1245 |
| Author | Author of document | E-attachments; electronic documents | |
| Last_Author | Last author of document | E-attachments; electronic documents | |
| Title | Title of document as found in document profile metadata | E-attachments; electronic documents | |
| Date Time Created | The date and time an e-mail or e-file was created | E-attachments and electronic | mm/dd/yyyy hh:mm:ss |

11

| Field Name | Field Description | Populated For | Sample Values |
|---|---|---|---|
|  |  | documents |  |
| Date Time Modified | Date and time the document was last modified | E-attachments; Electronic documents | mm/dd/yyyy hh:mm:ss |
| Date Time Printed | The date and time the document was last printed | All | mm/dd/yyyy hh:mm:ss |
| Date Time Accessed | The date and time the document was last viewed | All | mm/dd/yyyy hh:mm:ss |
| Confidentiality | The confidentiality designation of the file as stamped on the images | All that receive confidentiality designation | Confidential |
| Redacted | Identifies documents that have been redacted | All that have redactions | Redacted |
| Native Link | The full path to a native copy of a document, if one has been produced | E-attachments; Electronic Documents | \natives\001\ABC0000001.htm |
| Text Link | The path to the full extracted or OCR text of the document | All | \TEXT\ABC000001.txt |
| Production Volume | The production media deliverable | All |  |
| RSMF Thread ID | The value created to keep messages together during RSMF conversion/processing | Messaging and Chats |  |
| RSMF Begin Date | The timestamp of the earliest short message event within the file | Messaging and Chats | mm/dd/yyyy hh:mm:ss |
| RSMF End Date | The timestamp of the latest short message event within the file | Messaging and Chats | mm/dd/yyyy hh:mm:ss |
| RSMF Message Count | The number of short message events captured within the file | Messaging and Chats | 1 |
| RSMF Parent Date | The timestamp of the parent message event within the file | Messaging and Chats | mm/dd/yyyy hh:mm:ss |
| RSMF Participants | This field can be used to identify a string of names that are present in the conversation. | Messaging and Chats |  |

12

3898240

**APPENDIX E: PRIVILEGE LOGS**

1.      For all documents fully withheld on the basis of attorney-client privilege or work-product privilege, the parties agree to furnish logs which comply with the legal requirements under federal law, but at a minimum will include the following information:

a)      A unique number for each entry on the log.

b)      The date of document.  For emails this should be the sent date of the document, and for loose ESI this should be the last-modified or if not available the create date of the document.

c)      The Author of the document.  For emails this should be populated with the metadata extracted from the "Email From" field associated with the file.

d)      Recipient(s) of the document when reasonably ascertainable.  For emails this should be populated into separate columns with the metadata extracted from the Email To, Email CC and Email BCC fields, where populated.

e)      A written description explaining the basis for asserting privilege over the document.  This description should include information sufficient to identify if the document contained attachments over which privilege is also being asserted.

f)      The type of privilege being asserted: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

g)      The parties shall identify on their logs where counsel is present in the columns described in 1(c) and 1(d), above.  Where counsel creating the privilege is not readily ascertainable from the data in those columns, the parties shall include a reference to counsel in the privilege description field described in 1(e) above.

h)       For any email chain being logged, only the top email in the chain needs to be logged.

2.      **EXCEPTION TO LOGGING.**  Communications involving inside or outside counsel that were created on or after the date of filing of this litigation need not be included on the parties' privilege logs.  This exception is made without prejudice to any party's ability and

13

3898240

right to assert that such materials are discoverable and not privileged or protected.  This exception does not apply to redaction log(s).

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR
STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240

**APPENDIX F: REDACTIONS**

The Parties agree that redactions are only permitted in this matter and under prevailing law instances of attorney-client privilege or attorney work product or to protect Personally Identifiable Information (PII) or Personal Health Information (PHI).  The Parties shall use redaction text that indicates the nature of the redaction (i.e., Redacted – Privileged, Redacted – PII, Redacted - PHI) and will not redact headers and footers except where required to preserve the privilege.

The parties will produce redaction logs with entries for every document redacted for privilege that will include, at minimum, the following information:

1.    The Begin Bates of the document.

2.    The End Bates of the document.

3.    A written description explaining the basis for asserting privilege over the document.

4.    The type of privilege being asserted: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION
Case No. 5:24-cv-6685-SVK

3898240