UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAC-12 CONFERENCE,

Plaintiff,

v.

MOUNTAIN WEST CONFERENCE,

Defendant.

Case No.  24-cv-06685-SVK

**ORDER RE DISCOVERY DISPUTE AT DKT. 68**

Re: Dkt. No. 68

Before the Court is the Parties' Joint Submission arising out of an instruction in Plaintiff Pac-12 Conference's ("PAC-12") Requests for Production ("Instruction") to which Defendant Mountain West Conference ("MWC") objects.  The Court has reviewed the Parties' submission and the relevant law and determines that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).

In sum, the Pac-12 seeks an order directing the MWC to search custodial ESI of the President and Athletic Director of each member school for responsive documents. Dkt. 68-1.  In support of its position, the Pac-12 argues that these officials are the "MWC decisionmakers and agents."  Dkt. 68 at 1.  The MWC objects on the grounds that it, a non-profit conference, does not have "control" over these senior executives of member schools such that it can demand documents from them.  *Id.* at 6.  On the record before it, each Party's argument has some merit but ultimately overreaches.

The Pac-12 helpfully provides a link to the Bylaws of the Mountain West Conference which are enlightening.  *See* Mountain West Conference Bylaws ("Bylaws"), *available at* https://storage.googleapis.com/themw-com/2024/09/9e6b0e71-conferencebylaws.pdf.  The

////

United States District Court
Northern District of California

Bylaws[1] identify the Board of Directors, comprising the Chief Executive Officer of each member school (*e.g.*, President, Chancellor), and empowers the Board as follows:

> All corporate powers shall be exercised by or under the authority of, and the business and affairs of the Conference shall be managed under the direction of, the Board of Directors.

Bylaws, §§ 2.01, 2.03.  More specifically, the Board of Directors make key decisions regarding the operation of the MWC, including by way of example, the approval of major contracts and the initiation, defense or settlement of litigation.  *Id.*, § 2.16.  The Bylaws also specify the authority and duties of the Officers of the MWC, including the President and Vice-President who shall be elected from the members of the Board of Directors, who are, as noted above, from the member schools.  *Id.*, § 3.02.

Against this backdrop, the Court finds that in carrying out their duties as members of the Board of Directors or Officers, the MWC's chief executives are agents of the MWC.  As actors on the MWC's behalf (indeed, the very actors charged with making the decisions at issue in this litigation), the principal-agent relationship between the MWC and its Board Members and Officers establishes the requisite "control" over responsive documents.  *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (D. Or. 2015) ("'Control' may be established by the existence of a principal-agent relationship");  *cf., e.g.*, *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841-BLF, 2020 WL 8617421, at *3 (N.D. Cal. Sept. 18, 2020) (affirming decision of Magistrate Judge Cousins, who "expressly recognized" that "control 'may be established by the existence of a principal-agent relationship'" but noted that, "based on the record before him, Plaintiffs failed to establish the requisite control through agency or otherwise";  "agree[ing] that Plaintiffs have not established that Bosch Tool and Bosch GmbH are the agents of Bosch.");  *see also Jones v. PGA Tour, Inc.*, No. 5:22-cv-04486-BLF (SVK), Dkt. 160 at 2.  To contend otherwise on this record is simply not credible.  Consequently, the MWC has an obligation to search and produce responsive documents from the custodial emails of its Board Members and Officers during the relevant time

---

[1] These are the same as the Bylaws linked within the Mountain West Handbook, discussed in this Court's recent Order Granting in Part and Denying in Part the Pac-12's Motion to Dismiss the MWC's Counterclaims, at https://themw.com/2024-25-mountain-west-handbook/.

period.  The scope of the search—whether it is limited to official email accounts or reaches personal email accounts—must be determined pursuant to counsel's obligatory reasonable investigation as to the location of responsive documents in the possession of its Board Members and Officers.  Fed. R. Civ. P. 26(g).

By contrast, the Pac-12's demand that the MWC search documents in the possession of Athletic Directors, or members more generally, merely because they may have relevant documents, is unavailing.  There is no role assigned for Athletic Directors in the running of the MWC and therefore no basis on which the MWC would have control over their documents.  *Rojas v. Bosch Solar Energy*, 2020 WL 8617421, at \*3.

The MWC's arguments face a similar fate.  To the extent the MWC is claiming no control over the documents of a school's Chief Executive Officer who was a member of the Board of Directors or an Officer during the relevant time period, that assertion is unsupportable given the significant role assigned these members in the Bylaws.  During the relevant time period, the Board members and Officers were running the MWC and expressly empowered to act on MWC's behalf; they were the agents of the MWC, and for this purpose, MWC has control over their responsive documents.  *St. Jude Med. S.C.*, 305 F.R.D. at 638.  However, to the extent Pac-12 is seeking documents from member executives other than those who held a decision-making position in the MWC, those documents must be pursued by subpoena.  Fed. R. of Civ. P. 45.

Accordingly, in searching for responsive documents the MWC must search documents in the possession of its Board members and Officers during the relevant time period.  The Parties are further **ORDERED** to meet and confer regarding the timely search and production of documents to maintain the integrity of the case schedule.

**SO ORDERED.**

Dated: March 31, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3